991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steve ALLEN, Petitioner-Appellant,
v.
Jack LITTLEFIELD, Respondent-Appellee.
 No. 92-3698.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Steve Allen, a pro se Ohio prisoner, appeals from a judgment of the district court dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Allen was convicted, after a bench trial, of two counts of rape in violation of Ohio Rev.Code § 2907.02. He was sentenced to serve two concurrent terms of life imprisonment. Four issues are presented on appeal. First, whether error was committed when the nine year old victim was allowed to testify at trial. Second, whether error was committed when there was allowed into evidence statements made by the victim to a physician who performed an examination for rape. Third, whether the trial court committed error by not allowing defense counsel to inspect notes created by an investigating officer. Fourth, whether the evidence was insufficient to prove guilt beyond a reasonable doubt.
 
 
 3
 Allen's first three issues all relate to the admissibility of evidence. Therefore, any error will not rise to a level of constitutional magnitude unless the alleged error was so egregious that petitioner was denied a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).
 
 
 4
 In Brady v. Maryland, 373 U.S. 83, 87 (1963), it was held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceedings would have been different." Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987). The evidence at issue is at various times referred to as "notes," a "typed summary," and "a narrative of the investigation." Defense counsel requested to see this evidence during his cross-examination of the officer who prepared the evidence, James Honnert. The prosecution objected, and the trial judge reviewed, in camera, this evidence. The trial judge determined that there were no inconsistencies between the trial testimony and the evidence, and noted nothing additional that would be of value to Allen. The evidence was sealed and marked as Exhibit B. On appeal to the Ohio Court of Appeals, the court noted one inconsistency. Specifically, the victim testified that Allen had penetrated her first vaginally and then orally, but Exhibit B indicated that the reverse had occurred. We conclude that there is not a reasonable probability that had this evidence been disclosed to the defense, the results of the proceedings would have been different.
 
 
 5
 The victim was six years old at the time of the incident for which Allen was convicted. At the time of trial, she was nine years old. To determine the victim's competency to testify at trial, voir dire of the victim was conducted by defense counsel, the prosecution, and the court. Upon review of the transcript, we are satisfied that the trial court's conclusion that the victim was competent to testify did not result in a fundamentally unfair trial.
 
 
 6
 Approximately one year after the incident at issue, the victim was taken to the hospital after falling off her bicycle and after telling her mother that she had been sexually abused the year before. The examining doctor testified that, during the course of the examination, the victim told her that she had been orally and vaginally penetrated. The victim further stated that it happened when she and her mother were visiting a friend. No statements as to the identity of the individual were admitted into evidence through the doctor. The Ohio courts and the district court concluded that the statements were made for purposes of medical diagnosis or treatment and were thus not excluded by the hearsay rule pursuant to Ohio Rule of Evid. 803(4). We find no error in these rulings.
 
 
 7
 Allen's last argument is that his conviction was based upon insufficient evidence. Under sec. 2254, Allen "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979). This standard is applied to each substantive element of the criminal offense. Id. at n. 16. Upon review of the record, we are satisfied that a rational fact finder could have found Allen guilty beyond a reasonable doubt on both counts of rape pursuant to Ohio Rev.Code § 2907.02.
 
 
 8
 In sum, we are satisfied that Allen did not receive a fundamentally unfair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.